UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PWV Consultants LLC, | 20 CV 9030 (LTS) (KNF) |
| Plaintiff, | |
| v. | **FIRST REVISED STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| CHEBIL REALTY LLC, and | |
| ERIC CHEBIL, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff PWV Consultants LLC ("Plaintiff") and Defendants Chebil Realty LLC and Eric Chebil (together, "Defendants"), through their undersigned counsel, as follows:

1. Counsel for any party may designate any document or information, in whole or in part, as "Confidential Matter" if counsel for such party (the "Designating Party") determines, in good faith, that such designation is necessary to protect the interests of the Designating Party in information that is proprietary, a trade secret, competitively sensitive information, private personal information, or otherwise sensitive non-public information.

2. In the event a party challenges a Designating Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The entering into this Stipulation of Confidentiality shall not constitute an acknowledgment by the parties that material designated as "Confidential Matter" is in fact confidential and such designation shall have no precedential or evidentiary value including, without limitation, any determination regarding the admissibility of

the document so designated. The parties are entering into this Stipulation of Confidentiality in order to facilitate discovery.

3. All designated matter shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

4. No designation shall be made unless counsel for the Designating Party believes in good faith that it is significant to the interest of his/her client or to the privacy interests of other individuals that the designated matter be kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

5. In the event either party receives information or material derived from a source other than from a party to this litigation and the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential Matter" either party may petition the Court to have such information or material likewise designated as confidential. In the event that a party wishes to so petition the Court, such party will provide written notice to the other party, which shall treat the material as "Confidential Matter" until the Court has made a determination, unless no petition has been made to the Court within fourteen days.

6. No designation of "Confidential Matter" shall be effective unless it is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Deposition testimony may be designated either by: (i) identifying the portion of testimony as confidential at the deposition; or (ii) written notice to the other party within fifteen (15) days of receipt of the deposition transcript. Any confidential designation which has been or is omitted prior to or subsequent to the

entry of this Stipulation of Confidentiality may be corrected by written notification to opposing counsel.

7. Documents designated "Confidential Matter" may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting such counsel in this action; (iv) Defendants and current employees of Defendants; (v) Plaintiff; (vi) third party deponents; (vii) consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and (viii) insurers of Defendants, provided, however, that disclosure of documents designated "Confidential Matter" to any such individual will be restricted to such "Confidential Matter" as the parties' counsel reasonably and in good faith believes needs be disclosed to the individual in order for counsel to properly prepare the case for trial.

8. A party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated confidential is not entitled to such status and protection. The party or other person that designated the document shall be given notice of the application and an opportunity to respond.

9. In the event that Plaintiff or Defendants wish to file any "Confidential Matter" with the Court prior to trial, the party seeking to file such matter with the Court shall make a motion to file such "Confidential Matter" under seal and shall take steps necessary to ensure that the matter is filed under seal and is maintained by the Court under seal until further order of the Court. To the extent that any matter cannot be filed with the Court under seal, the party seeking to file shall meet and confer with the other party in good faith regarding appropriate redactions at least seven (7) days prior to the anticipated filing.

10. This Stipulation of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material, and information. Nothing contained in this Stipulation of Confidentiality is intended to or shall be construed to waive any objections by any party, including objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action. Moreover, nothing contained in this Stipulation of Confidentiality shall be construed as an admission by any party regarding the general admissibility of materials designated as "Confidential Matter."

11. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any party from making an application to the Court for revision of the terms of this Stipulation of Confidentiality.

12. All confidential matter and all copies thereof are to be destroyed or returned to the party claiming confidentiality within thirty (30) days after trial, appeal, settlement or other final resolution of this action.

13. Should any party to this Stipulation of Confidentiality become obligated to produce any designated material in response to a third party's service of a subpoena or other legal process, said party will notify the party claiming confidentiality of such service within five (5) days of its receipt.

14. Nothing contained in this Stipulation of Confidentiality shall restrict or impair a party's ability to use its own designated material.

15. The disclosure of a document or information without designating it shall not constitute a waiver of the right to designate such document or information as confidential after disclosure. If so designated, the document or information shall henceforth be treated as

Confidential Information subject to all the terms of this Stipulation and Order. No person or party will be deemed to have violated the terms of this Stipulation and Order for any disclosure that occurred prior to the designation of a document as "Confidential," but must take reasonable steps to inform the recipients of information later designated as "Confidential" of the belated designation and the accompanying restrictions imposed by this Stipulation and Order.

16. If a disclosing party makes a claim of inadvertent disclosure of "Confidential Matter," the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

SO STIPULATED AND AGREED:

Dated: New York, New York
April 26, 2021

MULLEN, P.C.

_____
Wesley Mullen
200 Park Avenue, Suite 1700
New York, NY 10166
wmullen@mullenpc.com
646 632 3718

ATTORNEYS FOR PLAINTIFF

O'BRIEN LLP

_____
AJ Monaco
900 Third Avenue, 18th Floor
New York, NY 10022
ajmonaco@obrienllp.com
212 729 9243

ATTORNEYS FOR DEFENDANTS

It is SO ORDERED this
  29  day of  April , 2021

_____
Judge Kevin Nathaniel Fox

5