WESLEY M. MULLEN

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

June 24, 2020

Hon. Kevin Nathaniel Fox    MEMORANDUM ENDORSEMENT
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

VIA CM/ECF

    Re:    PWV Consultants LLC v. Chebil Realty LLC et ano.,
             No. 20 CV 9030 (LTS) (KNF)

Your Honor,

I represent Plaintiff PWV Consultants, LLC.

PWV seeks leave to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). It moves by letter application in the interest of judicial economy, but will gladly furnish a formal motion on notice should the Court or Defendants require.

*   *   *

The proposed amendment seeks only to add a cause of action for Account Stated based on information obtained in early discovery: specifically, that Defendants accepted without objection the invoices delivered to them by third-party billing agent 10x Management. Defendants do not consent to the amendment.

A copy of the proposed FAC is annexed as Exhibit A. A redline of the proposed FAC showing changes against PWV's initial Complaint, (ECF Doc. 1), is annexed as Exhibit B.

*   *   *

For the reasons that follow, Plaintiff respectfully requests leave to file the proposed FAC. Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with … consent or the court's leave [and t]he court should freely give leave when justice so requires."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

A.    **Procedural History**

Plaintiff filed this action on October 28, 2020 asserting claims for (among other things) breach of contract and quantum meruit. (Compl. (ECF Doc. 1) ¶¶ 31-65.) PWV performed technology and design services for Defendant Chebil Realty pursuant to an hourly-billing Services Agreement. (*Id.* ¶¶ 3-4.) Defendant Chebil Realty failed to pay. (*Id.* ¶ 5.) Both Defendants are liable to Plaintiff for contractual damages and attorney's fees under the Services Agreement and the related Personal

WMULLEN@MULLENPC.COM | (646) 632-3718

Guarantee signed by individual defendant Eric Chebil. (*Id.* ¶¶ 4, 6 & Ex. A (ECF Doc. 1-1) (Services Agreement), Ex. B (ECF Doc. 1-2) (Personal Guarantee).)

After filing and withdrawing a motion to dismiss, (*see* ECF Docs. 15, 16), Defendants answered on February 3, 2021, (ECF Doc. 18), and asserted a counterclaim for purported breach of contract, (*id.* ¶¶ 12-15). The Counterclaim rests on the theory that the Services Agreement was not a contract for hourly services but instead an agreement to "develop and provide Chebil Realty with an App." (*Id.* ¶ 14.) Counterclaim-Defendant PWV disputes Defendants' interpretation of the unambiguous Services Agreement.

Following an initial conference, the Court ordered on March 10, 2021 that discovery must be completed on or before September 3, 2021. (ECF Doc. 22 ¶ 1.) The same Order provided that the last date on which to amend pleadings would be April 30, 2021. (ECF Doc. 22 ¶¶ 1, 2.)

Last week, Plaintiff furnished a draft of the proposed FAC to Defendants' counsel and requested consent to the amendment. By email dated June 22, 2021, Defendants declined consent.

**B.    Status of Discovery**

Plaintiff served its first set of consolidated requests for production of documents, interrogatories, and requests to admit on Defendants on February 23, 2021. Defendants served initial written responses on March 29, 2021, but produced no documents or ESI.

Shortly after receiving Defendants' responses, Plaintiff informed Defendants that it considered the responses deficient; counsel for the parties met and conferred. On June 18, 2021 (and shortly thereafter) Defendants served revised written responses, along with a production of documents.

Plaintiff considers Defendants' revised written responses and their initial production deficient, and will continue efforts to resolve discovery disputes among counsel and "without court action." Fed. R. Civ. P. 37(a)(1).

Defendants served requests for production of documents and interrogatories upon Plaintiff on April 30, 2021. Plaintiff made written responses and produced thousands of pages of responsive information and ESI on June 17, 2021.

Discovery is ongoing. Counsel have begun to discuss a timeline for party depositions. No deposition has yet occurred.

\*    \*    \*

As relevant to this motion, Plaintiff learned through Defendants' recent discovery responses that Defendants accepted and did not challenge the invoices for Plaintiff's services. Plaintiff therefore seeks to amend its complaint to add a claim for account stated. "To prevail on a claim for account stated, a plaintiff must establish … (1) an

account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay … . The second and third elements (acceptance of the account as correct and a promise to pay … may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time … ." *Yiwu Lizhisha Accessories Co., Ltd. v. Jjamz, Inc.*, 336 F. Supp. 3d 179, 183 (S.D.N.Y. 2018) (citations, quotations and punctuation omitted or altered) (granting summary judgment to plaintiffs as to claim for account stated).

When it filed the Complaint in October 2020, PWV did not know that Defendants had not objected to invoices for PWV's services because PWV did not bill the Defendants directly. Instead, under the Services Agreement, non-party 10x Management acted as PWV's billing agent. (*See* Services Agreement (ECF Doc. 1-1) at ECF page 3 ¶ 3 ("All invoicing will come from 10x Management and [PWV] requests that all payments be made to 10x Management.").) 10x rendered bills to the Defendants. When the Defendants paid at all, they paid 10x.

Defendants' recent initial production of documents confirms that Defendants did not object to invoices for Plaintiff's services. Defendants agreed to search for and produce all non-privileged documents "concerning … invoices from PWV and/or 10X Management." (*See* Defs.' Response to RFP No. 9). Defendants first produced documents on June 18, 2021 (enclosing documents numbered EC000001 through EC000184) and June 23, 2021 (enclosing EC000185 through EC000408); those doucments contain no objections and therefore establish that Defendants accepted and did not challenge 10x's invoices for Plaintiff's services.

C.   **Legal Standards**

The time to amend the Complaint as a matter of course has expired. Thus, pursuant to Fed. R. Civ. P. 15(a)(2), PWV "may amend its pleading only with the opposing party's written consent or the court's leave." Defendants do not consent. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see, e.g.*, *Pindell v. N'Namdi*, No. 20-CV-818 (PGG) (KNF), 2021 U.S. Dist. LEXIS 107598, at *52 (S.D.N.Y. Jun. 8, 2021).

Leave to amend is "liberally granted" and should only be denied for "undue delay, bad faith or dilatory motive on the part of the movant[;] repeated failure to cure deficiencies by amendments previously allowed[;] or undue prejudice to the opposing party by virtue of allowance of the amendment." *Id.* (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citations and quotations altered); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("When a party requests leave to amend his complaint, permission generally should be freely granted."); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[I]t is rare that [leave to amend] should be denied.").

"The rule in [the Second Circuit] has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Id.* (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "In determining prejudice, courts consider whether the proposed new claims would (i) require the opponent to expend significant additional resources to conduct discovery and

prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from brining a timely action in another jurisdiction." *Pindell*, 2021 U.S. Dist. LEXIS 107598, at *52-53 (citing *Block*, 988 F.2d at 350).

In addition, because the April 30, 2021 deadline to amend the pleadings under the Court's initial scheduling order has passed, (ECF Doc. 22), Rule 16(b) requires "good cause." "The primary consideration" under Rule 16(b) "is whether the moving party can demonstrate diligence," though the court "also may consider other relevant factors including … whether allowing the amendment … will prejudice defendants."

### D.   Argument

The motion for leave to file a first amended complaint should be granted because Plaintiff meets all governing standards.

This is Plaintiff's first amendment and the proposed amendment seeks only to add Plaintiff's allegation, based on recently-discovered information, that invoices were "delivered to, received by, and accepted by the Defendants without objection … ." (*See* Ex. B (Redline) ¶ 68.) The proposed amendment requires no new or different discovery; and in any event, because discovery is in its early stages (with Defendants having made their first production of documents last week), should Defendants feel that additional discovery is required, there is ample time to pursue it. There is no prejudice.

Allowing the proposed amendment also serves the interests of efficiency. *Compare* Fed. R. Civ. P. 15(a)(2). Assuming depositions and remaining discovery discovery confirms as undisputed Plaintiff's new allegation that Defendants accepted and did not dispute the account stated, Plaintiff will seek summary judgment on that claim, potentially obviating the need for trial proof of Plaintiff's. (*E.g. Yiwu Lizhisha*, 336 F. Supp. 3d at 183.) Since Defendants are liable for attorneys' fees and the costs of collection, (Services Agreement (ECF Doc. 1-1) ¶ 22), they should welcome the opportunity for early determination of Plaintiff's claims.

Plaintiff also demonstrates good cause for the amendment. Plaintiff could not have amended prior to April 30, 2021, (ECF Doc. 22), because Defendants did not make even an initial production of documents until June 16, 2021. Plaintiff diligently pursued discovery and made this application within a week after receiving Defendants' initial production.

20 CV 9030
June 24, 2021
Page 5 of 5

### E.     Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint annexed as Exhibit A.

Respectfully,

*[signature]*

Wesley M. Mullen

cc:    All counsel of record (via CM/ECF)

6/25/21
The plaintiff's request to make a motion to amend is granted. The plaintiff's "formal motion" must comply with Local Civil Rule 7.1 of this court. The response to the motion and any reply shall be made in accordance with Local Civil Rule 6.1 of this court.
SO ORDERED:

*[signature]* Kevin Nathaniel Fox

Kevin Nathaniel Fox, U.S.M.J.

WMULLEN@MULLENPC.COM | (646) 632-3718