UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PWV CONSULTANTS LLC,

       Plaintiff,

  -v-                                               No.  20 CV 9030-LTS-JEW

CHEBIL REALTY LLC, and
ERIC CHEBIL,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is an objection (docket entry no. 47, (the "Objection")) filed by Defendants Chebil Realty LLC and Eric Chebil (collectively "Defendants") to Magistrate Judge Kevin Nathaniel Fox's August 31, 2021, and September 7, 2021, orders denying requests to extend the discovery deadline in this action.  (Docket entry nos. 42 and 44.)  Plaintiff, PWV Consultants LLC ("Plaintiff" or "PWV"), has not opposed the Objection.  The Court has considered Defendants' submissions carefully, and for the following reasons, sustains the Objection and sets aside the August 31, 2021, and the September 7, 2021, orders.

## BACKGROUND

Familiarity with the factual context of the underlying case, of which the Court has jurisdiction pursuant to 28 U.S.C. section 1332, is presumed.  The Court will therefore note only the following relevant facts, which are not in dispute.

Plaintiff and Defendant Chebil Realty entered a Services Agreement in December 2018, by which Plaintiff agreed to render services in support of Defendants' development of a

mobile and web real estate application (the "App"), in exchange for consideration. (Docket entry no. 1 ¶¶ 16-17.) Plaintiff filed this action on October 28, 2020, alleging, in part, that Defendant Chebil Realty breached the Services Agreement by failing to pay Plaintiff the amount owed for services rendered. (Id. ¶¶ 31-65.)

On March 10, 2021, Judge Fox issued a scheduling order for the dispute, stating that "all discovery, of whatever nature, . . . be completed on or before September 3, 2021[.]" (Docket entry no. 22.) On August 25, 2021, Defendants filed a letter requesting that the September 3, 2021, discovery deadline (the "discovery deadline") be extended by 30 days for the limited purpose of completing "documentary and deposition discovery from non-party 10X Management LLC" ("10X"). (Docket entry no. 40.) Defendants explained that 10X, "a 'tech talent agency'" "possesse[d] information relevant to this dispute" because 10X, in addition to taking other actions, "identified Pieter Van Iperen, the principal of" PWV "as someone who could perform software development services for Defendants," and "negotiated the Service Agreement under which PWV brought this action." (Id.) Defendants served 10X with subpoenas duces tecum and ad testificandum on July 21, and July 26, 2021, copies of which were submitted to the Court with Defendants' August 25, 2021, request. (Id., Exs. D and E.) Despite the parties' communications throughout the month of August 2021, regarding a potential discovery schedule, Plaintiff's counsel, who was retained by 10X for the purpose of responding to the subpoenas, failed to submit a proposal by the parties' internal deadlines, and was believed to be on vacation at the time of filing the August 25, 2021, request. (Id., Exs. F, G, and H.) Thus, Defendants submitted their request to the Court, and certified that "[w]hile counsel for Plaintiff, who is believed to be on vacation, has not consented to this specific request, he has expressed a willingness to briefly extend the deadline in conversations with [Defendants'

counsel] concerning this issue." (Docket entry no. 40.) Plaintiff's counsel filed a letter in response, confirming that he was "on vacation . . . and unable to respond promptly" to Defendants' application to the Court. (Docket entry no. 41.)

On August 31, 2021, Judge Fox denied Defendants' request to extend the discovery deadline, on the grounds that Defendants failed to: "(a) meet and confer with the plaintiff; (b) comply with Rule 2.A of the Court's Individual Rules of Practice; and (c) show good cause for an extension of the discovery deadline, where defense counsel took an unreasonable risk by agreeing on August 3, 2021, to extend sine die the August 4, 2021[,] date for compliance with non-party subpoenas, and then waiting unreasonably until August 25, 2021, to raise the need for an extension of time to complete discovery with the Court." (Docket entry no. 42.)

On September 3, 2021, Plaintiff filed a joint application requesting that "the discovery deadline be extended by 28 days – to and including October 1, 2021[,]" on the basis, that, "[d]espite good faith efforts over the last month, parties and counsel require additional time to complete third-party discovery" due to vacation schedules. (Docket entry no. 43.) Plaintiff explained that the extension was necessary to allow Defendants to gather remaining information from 10X in connection with the two subpoenas issued, and also for Plaintiff to gather information from third parties, who Plaintiff's counsel learned possessed relevant documents during the September 2, 2021, deposition of Defendant Eric Chebil. (Id.)

On September 7, 2021, Judge Fox denied the parties' joint request to extend the discovery deadline. (Docket entry no. 44.) Judge Fox characterized "plaintiff's application" as "a motion for reconsideration or reargument made under Local Civil Rule 6.3" of the Court's

August 31, 2021, order, and determined that "[P]laintiff failed to identify . . . controlling decisions or factual matters that were put before the Court . . . that the Court overlooked" and "[i]nstead, . . . placed before the Court . . . new factual matters" for the Court to consider. (Id.) Judge Fox denied Plaintiff's request, on the grounds that "Local Civil Rule 6.3" is to be construed "narrowly and strictly" to prevent "repetitive arguments" on issues that have already been considered by the Court. (Id. (citation omitted).)

Defendants filed a timely objection, on September 14, 2021, to Judge Fox's August 31, 2021, and September 7, 2021, orders denying the parties' requests to extend the discovery deadline, requesting that this Court set the two orders aside. In support of the Objection, Defendants argued that Judge Fox's August 31, 2021, decision was clearly erroneous because Judge Fox based his decision on "crucial factual errors," including that Defendants "failed to 'meet and confer with the plaintiff[,]'" prior to filing their request, when, in their application, Defendants "clearly delineated their meet and confer process with the Plaintiff." (Objection at 9 (citing docket entry no. 42).) Second, Defendants argued that Judge Fox's September 7, 2021, order was contrary to existing law because Judge Fox improperly construed the parties' joint application as a motion for reconsideration or reargument under Local Civil Rule 6.3 ("Rule 6.3"). (Id. at 6-8.) Such characterization of the parties' joint submission was improper, according to Defendants, because, unlike Defendants' August 25, 2021, request previously denied by the Court, the September 3, 2021, request was filed by Plaintiff, and sought a slightly shorter extension of the discovery deadline to permit discovery sought by both parties. (Id.) Moreover, even were the request to be construed as arising under Rule 6.3, Defendants submitted Judge Fox's decision was erroneous because motions for reconsideration may be meritorious "when new facts come to light," and Plaintiff was alerted to relevant documents

within the possession of third parties during a September 2, 2021, deposition.  (Objection at 8 (citation omitted).)

DISCUSSION

A party may file an objection with a district judge to an order issued by a magistrate judge within 14 days of service of a copy of that order.  Fed. R. Civ. P. 72(a).  Pretrial discovery orders are considered nondispositive,  see e.g., City of New York v. FedEx Ground Package Sys., Inc., No. 13-CV-9173-ER, 2017 WL 633445, at *3 (S.D.N.Y. Feb. 14, 2017), and the district judge shall not disturb the order unless such "order is clearly erroneous or contrary to law." 28 U.S.C. section 636(b)(1)(A) (Westlaw P.L. 117-80).  "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2, No. 18-CV-7692-PGG-BCM, 2022 WL 162583, at *3 (S.D.N.Y. Jan. 18, 2022) (quotation omitted).  "An order is considered to be 'contrary to law' when it fails to apply or misapplies relevant statues, case law or rules of procedure." Noel v. City of New York, No. 15-CV-5236-LTS-KHP, 2018 WL 6786238, at *4 (S.D.N.Y. Dec. 12, 2018) (internal quotations and citations omitted).  Because the standard is "highly deferential," the objector "carries a heavy burden." Michelo, 2022 WL 162583, at *3 (quoting Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013)).

The Court concludes that Judge Fox's August 31, 2021, order was based on a critical factual error, namely that Defendants failed to comply with Rule 2.A of the Court's Individual Rules of Practice, which requires the parties to confer in an attempt to resolve an issue informally before seeking relief from the Court.   In their August 25, 2021, request to extend the discovery deadline, Defendants submitted email correspondence between the parties reflecting their communications on the matter of third-party discovery, and specifically a potential time

frame for 10X's compliance with the two subpoenas served by Defendants. (Docket entry no. 40, Exs. F, G, and H.) These communications demonstrate that the parties did discuss the logistics, including the timing, of discovery from 10X, prior to seeking relief from the Court. (Id.) The fact that Defendants' counsel, admittedly, could not reach Plaintiff's counsel immediately prior to filing Defendants' application to extend the discovery deadline does not render Defendants' prior attempts to secure a discovery proposal from Plaintiff's counsel futile. (See id., Ex. G (August 19, 2021, communication from defense counsel to Plaintiff's counsel, "What's the deal here? I thought you were going to get back to me with a plan yesterday. We need to get a deposition on the calendar or I'm going to have to seek relief from the Court.").) Moreover, to hold Defendants responsible for Plaintiff's counsel's failure to settle time-sensitive matters prior to going on vacation would run contrary to one purpose of the Court's Individual Rules of Practice—to promote the efficient resolution of disputes. The Court will thus set aside Judge Fox's August 31, 2021, order denying Defendants' request to extend the discovery deadline.

        Judge Fox premised his September 7, 2021, decision on the August 31, 2021, decision. Thus, having set aside the August 31, 2021, decision as clearly erroneous, the Court also finds it necessary to set aside the September 7, 2021, decision denying the parties' joint application to extend the discovery deadline. The Court further notes, that to the extent Plaintiff's September 3, 2021, request was premised on the need to gather evidence, the existence of which was newly discovered in a September 2, 2021, deposition, Judge Fox's characterization of the application as an improper motion for reconsideration or reargument under Rule 6.3 was misguided. Motions for reargument may be granted where the movant "is relying on new facts that could not have been previously discovered" at the time of filing the

original application.  Albury v. JP Morgan Chase, No. 03-CV-2007-HBP, 2005 WL 1653939, at *3 (S.D.N.Y. July 14, 2005).   Although Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt[,]" it does not operate to prevent a party from seeking to extend a deadline based on its own, newly-discovered basis, despite the fact that the Court previously refused to extend the deadline for a different party on different grounds.

CONCLUSION

For the foregoing reasons, the Court hereby sustains Defendants' Objection and sets aside Judge Fox's August 31, 2021, and September 7, 2021, decisions.  The Court hereby grants the parties an extension of the discovery period, for the limited purposes set forth in the joint September 3, 2021, application, through April 1, 2022.  The parties are directed to provide a joint status report to Magistrate Judge Jennifer E. Willis by April 8, 2022.

This Memorandum Order resolves docket entry no. 47.  This case remains referred to Judge Willis for general pretrial management.

SO ORDERED.

Dated: New York, New York
       February 24, 2022

      /s/ Laura Taylor Swain
     LAURA TAYLOR SWAIN
     Chief United States District Judge